IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANG HUYNH,<br><br>Defendant. | No. 1:19-cr-57 (LO) |

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION FOR RELEASE ORDER**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and, James L. Trump and Carina Cuellar, Assistant United States Attorneys, hereby responds in opposition to the defendant's *Motion for a Reasonable Bond*, filed September 30, 2019 (Dkt. 164).

**1.     Procedural Status**

The defendant was indicted in this case on July 25, 2019, in No. 1:19-cr-226 (LO). He was arrested on August 20, 2019, in Riverside, California, and had his initial appearance before a Magistrate Judge in the Central District of California on August 21, 2019.   The defendant waived an identity hearing.   On August 26, 2019, the defendant had a detention hearing in California, and the Magistrate Judge ordered him detained.

On August 29, 2019, the defendant and the other defendants charged in No. 1:19-cr-226 (LO) were indicted in Case No. 1:19-cr-57 (LO).   The defendant is charged in Count 1 of that indictment (Dkt. 90).   On September 10, 2019, the defendant had his initial appearance in this district before the Honorable Michael S. Nachmanoff, United States Magistrate Judge (Dkt. 104).

A detention hearing was conducted on September 13, 2019, before Judge Nachmanoff, and the defendant was detained (Dkt. 115, 116). The defendant seeks review of that order.

**2.      Factors Justifying Detention**

The United States believes that there are no conditions, or combination of conditions, that will reasonably assure the appearance of the defendant and the safety of the community. The government submits that the Court should consider the following in determining whether to grant the defendant's motion and order the release of the defendant:

- The defendant has been indicted under 21 U.S.C. § 846 for violations of §§ 841, 856, 859, 860, 861, and 863. It is a presumption case under 18 U.S.C. § 3142, and, if convicted, the defendant faces a mandatory minimum sentence of 10 years. It does not appear that the defendant would be safety valve eligible if convicted.

- The defendant has an extensive criminal history, including a felony conviction for the sale of drugs in 2010; a misdemeanor conviction for drug possession in 2010; misdemeanor convictions in 2011 for assault on a police officer, resisting arrest, and carrying a concealed weapon (knife); a disorderly conduct conviction in 2013; a misdemeanor trespassing conviction in 2014; an assault conviction in Washington, D.C. in 2017; and multiple (at least four) failures to appear.

- The defendant was arrested in California at a friend's house. The friend told agents that he knew that the defendant was a member of the Reccless Tigers and sold marijuana. The friend knew that the Reccless Tigers were an East Coast gang and sold marijuana. The friend received money transfers from the defendant to pay for an apartment, a car, jewelry and gold, and Airbnb rentals. The friend stated that the defendant also used marijuana and ketamine. According to a cooperating witness, the defendant used this apartment in Orange County, California, for gang meetings.

- The defendant maintained a storage facility in Orange, California, for the past two years. It was leased in his name. A search warrant was executed at that facility on September 18, 2019. The FBI seized a semi-automatic machine pistol (an Uzi) from a large safe in the unit, along with ammunition for the Uzi, a money counter, cell phones, drugs (cocaine and ecstasy), and Reccless Tiger key chains and business cards. The FBI also seized a Reccless Tiger t-shirt and a Strugcess t-shirt (the name adopted by the gang for high quality marijuana) from the unit. Ledgers found in the safe include shipping labels, receipts, and addresses for what appear to be drug shipments to Virginia and other locations. The names of numerous gang members, including co-defendants in this case, are written in one of the ledgers.

- Based on analyses of Bank of America, Navy Federal Credit Union, and Wells Fargo accounts, the defendant was conducting financial transactions in California, including the cities of Santa Ana, Irvine, and Garden Grove, from January 2016 through May 2018.  During this time, Huynh's made cash deposits of approximately $810,000 into these four accounts and then made approximately $639,000 in cash withdrawals at bank branches in California.  The cash deposits ranged from $400 to $9,900 and were immediately followed (within a day or two) by cash withdrawals ranging from $100 to $9,800.  Based on a preliminary review of these bank records, there is evidence of structuring with numerous deposits and withdrawals just below the $10,000 threshold (*i.e.*, $9,900) or multiple transactions separated into smaller amounts at different locations on the same-day or the next-day.  The defendant's debt card transactions show that the defendant was located in California for the majority of this time with multiple trips to Northern Virginia and trips to Houston, Detroit, Miami, and Las Vegas.

- The defendant was involved in a gang fight in Springfield, Virginia, on December 27, 2017, which was observed by FBI surveillance agents.   During the fight, the defendant beat up a fellow gang member with a baseball bat.   The defendant fled when the agents intervened to stop the beating.

- The defendant was involved in a gang fight at the Block in Annandale, Virginia (a food court), on April 16, 2017.   The fight was captured, in part, on security video, and the defendant is seen on the video throwing a bar stool during the fight.

- On August 14, 2018, the defendant was shot during a suspected drug rip-off in Washington, D.C.

- On September 13, 2014, the defendant was involved in a gang fight at the Eden Center in Falls Church, Virginia.   This fight immediately preceded the shooting death of his uncle, Phuoc Nguyen, at the Eden Center.   At that time, the defendant was being supplied with marijuana by his two uncles, Phi Nguyen and Phuoc Nguyen.   Phi Nguyen was convicted in 2015 in this district of conspiracy to distribute cocaine (1:19-cr-350 (LMB)).

- From the defendant's Snapchat account, the FBI has recovered photographs and videos of marijuana and other drugs, chats between the defendant and other gang members about different addresses in California and Virginia, and bank account information.   Also found posted on the defendant's Snapchat account were numerous gang photos with gang members showing gang signs (including a number of co-defendants) and photos and videos of the defendant with firearms.   Several of these photos were received in evidence at the defendant's detention hearing on September 13, 2019.

- Two phones were seized from the defendant at the time of his arrest. A Cellebrite analysis of one of those phones recovered over 2000 deleted text messages involving what appears to be drug transactions.

**3.    The 18 U.S.C. § 3142 (g) Factors**

The factors delineated in 18 U.S.C. § 3142 (g) support the continued detention of the defendant.

- The nature and circumstances of the offense. The defendant has been charged with a serious drug offense for which a lengthy prison sentence could be imposed if he is found guilty, including a mandatory minimum sentence of 10 years. The defendant may also be charged with additional offenses under 18 U.S.C. § 924(c) for the possession of firearms in furtherance of drug trafficking and 18 U.S.C. § 1956 for money laundering.

- The weight of the evidence. As discussed above, the weight of the evidence against the defendant is overwhelming.

- History and characteristics of the defendant. As noted, the defendant has a felony record along with several misdemeanor convictions along with numerous failures to appear. He is a known drug user. He is a member of a violent gang and has been involved in numerous acts of violence. He has recent ties to California, where he and several other defendants in this case have been arrested. He has had no known lawful employment (other than a three-month attempt to operate a vape shop at the Eden Center).

- The Danger to the Community Posed by the Defendant's Release. The defendant's past gang activities demonstrate a clear danger to the community should he be released. At the detention hearing, the government played a pod-cast recorded by the defendant, in which the defendant acknowledges his gang affiliations (including the Asian Boyz and Reccless Tigers) and states that he will forever hold a grudge against the group that killed his uncle or anyone who supported that group.

Given these factors, the government submits that there are no conditions of release that will reasonably assure the appearance of the defendant at future proceedings and the safety of other persons and the community if the defendant is released. The United States therefore requests that the Court deny the defendant's motion for release.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: July 30, 2019          By:          /s/
James L. Trump
Carina Cuellar
Assistant United States Attorneys

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2019, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.

/s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov