IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SANG THANH HUYNH,<br><br>Defendant. | No. 1:19-cr-57 (LO) |

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S MOTION TO APPOINT NEW COUNSEL**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and, James L. Trump, Carina Cuellar, and Rachael Tucker, Assistant United States Attorneys, hereby responds to the motion to withdraw and request for the appointment of new counsel, filed September 2, 2020 (Dkt. 451).

The motion correctly notes that defense counsel consulted with the government prior to the filing of the motion, and we informed defense counsel that we generally defer to the Court in deciding whether to grant these types of motions.

It is well-settled that a defendant can constructively be denied his Sixth Amendment right to counsel where an attorney/client conflict is so great that it has resulted in a total lack of communication preventing an adequate defense. *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011). When such a situation is brought to the attention of the district court, the court has an obligation to inquire thoroughly into the factual basis of the defendant's dissatisfaction. *Id.* at 590.

We submit that the motion, standing alone, does not provide the Court with any factual basis to determine whether the defendant has a right to new counsel. Indeed, defense counsel acknowledges that his client gave no reason for his request for new counsel.

Not all conflicts rise to the level of Constitutional violations, and, without more information, the Court should deny the motion. Out of abundance of caution, however, we suggest that the Court should inquire, ex parte, into the reasons for the defendant's dissatisfaction with counsel. If that inquiry establishes that there is a total lack of communication between the defendant and counsel, we agree that the Court should grant the motion and appoint new counsel.

We note for the Court that we have no reason to believe that defense counsel has not been diligent in his representation of the defendant. Based on counsel's communications with the government, he appears to have reviewed the bulk of discovery provided – no small task – and, over the past several months, has engaged with government counsel about the evidence against his client and other pertinent issues. Replacing counsel at this stage of the case would be a waste of that effort and require new counsel to duplicate months of work.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 2, 2020      By: _____/s/_____
James L. Trump
Carina A. Cuellar
Rachael Tucker
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2020, I caused the foregoing document to be served on all counsel of record through the Official Court Electronic Filing System.

/s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3726
jim.trump@usdoj.gov