IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:19cr57 |
| | ) |
| PETER LE, et al | ) |
| | ) |
| Defendants | ) |

## ORDER

The parties appeared before the Court on January 5, 2022 for a status conference. The issues for discussion included the status of the government's search for updated discovery materials from various investigations from the Fairfax County Police Department and other local police departments, and the ability to move forward with the trial on February 7, in light of the rapid spread of the Omicron variant of Covid in the Northern Virginia area.

The parties first addressed the government's efforts to determine whether and how much additional discovery might be uncovered during the search initiated in December as it previously notified the parties and the Court it would do. The government believed it would be able to identify any new Rule 16 discovery within two weeks and would reach out to responsible law enforcement officers and departments to collect the discovery immediately as the material was identified. The government disclosed that it hoped to gain possession and turn over any such discovery within thirty days thereafter.

The Court then addressed issues raised by defense counsel about their inability to gain access to their defendants during December through January, which was hindering their preparation and making trial on February 7, 2022, unrealistic. The Court asked whether any counsel objected to continuing the trial, and to the Court's recollection only defendant Tony Minh Le objected.

The Court then undertook to find a conflict-free trial date for all counsel, and determined that March 21, 2022 was the best available date, subject to agreement by other judges in the courthouse. After consultation with other judges, the Court has now secured March 28, 2022, rather than March 21, as the date available for the trial of this case to begin.

The Court also addressed the status of Jencks Giglio productions in light of the new trial date. All parties acknowledged that the production would be voluminous. As a result, the Court directed the government to begin that production forty days before trial for the least sensitive material and thirty days in advance for the more sensitive material.

The Court also vacated the defendants' obligation to file further motions until a future date to be agreed to by the parties or the Court, upon notice.

The Court regrettably finds that, once again, a continuance, this time modest, of the trial is necessary under Title 18 U.S.C. § 3161 to allow all counsel to prepare for trial with the assistance of their defendants. As access to their clients has been and will be compromised until the end of January according to the administrators of the local jails and health officials monitoring the likely peak of the Omicron variant by the end of January, preparation for trial on February 7 is

unattainable. Further, significant numbers of employees within the courthouse have tested positive for the virus, straining our ability to conduct hearings and trials. Moreover, bringing in a jury pool and attempting to conduct a month-long trial on February 7 presents significant risk to jurors and of a possible mistrial.

    It is so **ORDERED**.

Liam O'Grady
United States District Judge

Alexandria, Virginia
January 13, 2022